Carolyn MONARCH, Appellant,

v.

**LODGE CONDOMINIUM COUNCIL OF CO-OWNERS, INC., Appellee.**

Court of Appeals of Kentucky.

Feb. 8, 1985.

James E. Vonsick, Louisville, for appellant.

Grover C. Potts, Jr., Jo Ann Dale, Wyatt, Tarrant & Combs, Louisville, for appellee.

Before DUNN, HOWERTON and WILHOIT, JJ.

HOWERTON, Judge.

Monarch seeks to reinstate her complaint against the Council of Co-owners, which was dismissed by the Jefferson Circuit Court for failure to state a cause of action upon which relief can be granted. On the same date, the trial judge entered an additional order, obviously prepared by counsel for the Council of Co-owners, dismissing the complaint pursuant to CR 12 and CR 19. Whether the real reason for dismissal was failure to state a cause of action or for failure to join an indispensable party, we determine that the trial court erred, and we reverse and remand this action for further proceedings.

The record consists of the complaint, a motion to dismiss with a supporting affidavit and memorandum, and a response to the motion to dismiss. The verified complaint alleged that Monarch purchased a condominium apartment which leaked, resulting in substantial damage. Article III of the master deed of The Lodge Condominiums provides that the type of maintenance involved in this action shall be pro-

vided by the Council of Co-owners. The Council of Co-owners is an existing Kentucky corporation which is empowered to sue and be sued. Monarch sought specific performance of the terms of the master deed and a complete repair of all of the damage to her condominium. In the alternative, she asked for a rescission of her purchase contract and a refund of her investment. She also sought a declaration of rights, compensatory damages, and a permanent mandatory injunction against the appellee requiring it to perform its duties and responsibilities under the terms of the master deed. She also requested leave to amend her complaint upon a determination that other matters may be presented. She finally requested a jury trial upon any issues so triable and for her costs and a reasonable fee for her attorney, plus any just and proper relief to which she might be entitled.

The Council of Co-owners argued that the developer had not yet turned the project over to it and, therefore, the developer, The Lodge Company, was an indispensable party. It alleged that the proper defendant was the developer, because Monarch had requested a rescission of her contract and a refund of her investment, which was relief she could not obtain from the council.

An affidavit was filed to support the motion to dismiss, and it alleged that the lodge was developed by Lodge Company, a Kentucky partnership. The affidavit acknowledged that the Council of Co-owners was an existing Kentucky corporation which was formed to operate the condominium units, but it provided that the project had not yet been turned over to the council by the developer. It concluded that, since the sale of the unit was from the developer to Monarch, the council had no obligation with respect to the allegations in the complaint.

█ Although the motion to dismiss and the affidavit were undoubtedly made in good faith, we find the allegations to be meritless as a matter of law and the dismissal to be preposterous. Although Mon-

arch may have sued the wrong party to rescind her purchase and obtain a refund, she clearly stated a cause of action and joined the proper party for enforcement of the terms in the master deed.

Kentucky's condominium or "horizontal property law" is found in KRS 381.-850-.910. The definitions relating to the horizontal property law are contained in KRS 381.810. Some of the relevant definitions are as follows:

> (4) "Co-owner" means a person ... or other legal entity, or any combination thereof who owns a unit within the building;
>
> (5) "Council of co-owners" means all the co-owners as defined in subsection (4) of this section;
>
> (6) "Developer" means a person who undertakes to develop a real estate condominium project;
>
> *   *   *   *   *   *
>
> (10) "Master deed" or "master lease" means the deed or lease declaring the property to be a horizontal property regime; ....

KRS 381.815 concerns the establishment of a condominium property regime, and it reads:

> Whenever a developer, the sole owner, or the co-owners of a building or buildings, constructed or to be constructed, expressly declare, through the recordation of a master deed or lease, which shall set forth the particulars enumerated by KRS 381.835, their desire to submit their property to the regime established by KRS 381.805 to 381.910, there shall be thereby established a condominium property regime.

KRS 381.835 sets forth the requirements of a master deed and how it is to be recorded together with a record of the floor plans. KRS 381.870 requires that all co-owners are bound to contribute, in accordance with their percentage of common interest, toward the expenses of administration and of maintenance, repairs and replacement reserves of the general common elements and for any other expenses lawfully as-

sessed under the master deed or by the council of co-owners.

The master deed was filed and recorded in June 1979. The deed provided for the operation of the condominium units by the Lodge Condominium Council of Co-owners, Inc. Although the Kentucky statutes are silent as to when a council must commence operation, we must conclude that it is operational at the time the master deed is properly recorded. If the developer is the sole owner at that time, he or it is the only existing co-owner. He remains a co-owner and responsible for a proportionate share of all joint expenses until all individual units are sold. The developer and all co-owners are automatically members of the council of co-owners, whether the council is incorporated or merely a joint venture of individuals.

The developer of the Lodge Condominium is a partnership known as the Lodge Company. The partnership consists of four individuals, and those same four are named as members of the Board of Council of Co-owners, Inc., according to the by-laws of the council which were executed on the same day that the master deed was filed and recorded. These individuals, as developers and now co-owners, are liable to Monarch according to the terms of the master deed as it pertains to responsibilities of the council. Actually, as developers, if they are liable under a builder's warranty, they would be solely liable, relieving Monarch of her share of the cost of repair as a co-owner.

We make no decision on what, if anything, Monarch may be entitled to receive by way of specific performance, damages, or mandatory injunctions. We merely conclude that she stated a cause of action against a proper party and, on remand, the court must determine what, if anything, she is entitled to recover. The partnership Lodge Company is not a necessary and indispensable party to part of the relief sought by Monarch. If she is not entitled to certain relief against the council, such as a rescission or refund, then so be it. On the other hand, if the Council of Co-owners decides that any recovery for correcting building defects should be guaranteed and paid by the developer, then the council may seek to join the partnership as a third party.

Monarch alleged in her complaint that the master deed specifically provides in Article III that the council shall maintain, repair, and replace at its expense those portions of her unit which are causing the leaks and the problems she suffers. If she can prove this, she will be entitled to some appropriate relief from the council. She stated a cause of action against a proper party, and the Jefferson Circuit Court erroneously dismissed her complaint.

This case is reversed and remanded for further proceedings.

All concur.